### BOUCK v. WOLSTON.

(Supreme Court, General Term, Third Department. February 15, 1893.)

SALE—ACTION FOR PRICE—DEFENSES—PAYMENT TO AGENT.
    Plaintiff, being the owner of a half interest in certain chattels, allowed his co-owner to sell them to defendant, but notified defendant that he owned a half interest, and that payment should be made only to him, whereupon defendant promised to protect his interest. Plaintiff's co-owner afterwards made some advances for plaintiff, amounting to less than plaintiff's share of the price of the chattels, and defendant paid the co-owner the entire amount due 'on the sale. *Held*, that such payment did not constitute a defense to a suit by plaintiff for his share of the price, since he was entitled, at least, to the difference between the advances and his half of the price.

Appeal from circuit court.

Action by Charles Bouck against Charles H. Wolston. Defendant obtained judgment. Plaintiff appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Engle & Getter, (Russell M. Johnston, of counsel,) for appellant.
L. W. Baxter, for respondent.

PUTNAM, J. This action was brought to recover for straw sold in the fall of 1889. Defendant, on November 20, 1889, through his agent, Harvey Borst, bought of John Prell & Son, who were working plaintiff's farm upon shares, a quantity of rye straw, at $10 a ton. Prell informed Borst that plaintiff had a half interest therein. The latter, upon being informed of said sale, consented thereto, and the straw was subsequently delivered. It weighed 16 tons and 224 pounds, and, at the contract price, amounted to $162.69. Before such delivery, plaintiff informed defendant, by letter, that one half

of the straw was his, and requested the defendant to pay Prell but one half of the purchase price, and the other half to him, (said plaintiff.) Defendant answered plaintiff that he would protect his interest in said straw. A short time prior to the sale of said straw, the Prells advanced for the plaintiff about $61, the amount due from him to certain hop pickers; plaintiff agreeing that, if they would pay said hop pickers, they could take their pay out of his share of the straw money. Of the $61 advanced by the Prells, $30 had been paid back at the time of the delivery of the straw. In the baling of the straw the Prells incurred a necessary expense of $18.60, of which plaintiff was to pay half. Five dollars of this had been paid at the time of the delivery of the straw. After the straw had all been delivered, the defendant, upon demand of said John Prell, paid him in full for all the straw,—plaintiff's share, as well as that of the Prells.

The evidence justified the conclusion of the referee that Mr. Bouck assented to the sale of his interest in the straw made by John and Wilson Prell to Mr. Wolston. The Prells assumed to act as agent of the plaintiff in the transaction; and he, being informed of their act, ratified the sale they made. The plaintiff, then, through his agents, had sold and delivered to the defendant his undivided one-half interest in a quantity of rye straw, at the agreed price of $81.35. It is not denied that Bouck notified Wolston on February 10, 1890, by letter, that he (Bouck) was the owner of said straw, and that said Wolston was not to pay the Prells therefor, or that said defendant, on February 11, 1890, in answer to said letter or notice, wrote that he would protect plaintiff's interest in the straw, or that afterwards, and on March 6, 1890, the defendant paid the whole amount due plaintiff to Mr. Prell. It requires no argument to show that such a payment is not a defense to the action. The defendant was indebted in the sum of $81.35 to plaintiff, and had been notified by the latter not to pay the debt to Mr. Prell. If the Prells, as plaintiff's agents, had ever been authorized to collect or receive this money, it was competent for plaintiff at any time to revoke such authority; and the letter which it is conceded that plaintiff wrote, and defendant received, was such a revocation. It is not necessary to determine whether the conversation between Bouck and Prell in reference to the money to be advanced by the latter to the hop pickers, and the subsequent advance of said money, effected an equitable assignment, or a transfer, of an amount due plaintiff for the straw, equal to the sum advanced, or not. The sum so advanced by the Prells was $31, and there was due them, also, $4.30 for baling the straw,—in all, $35.30. If defendant's contention is correct, there was due plaintiff from defendant, for his interest in said straw, after deducting the amount so advanced by the Prells, the sum of $46.05. I am unable to see why plaintiff was not entitled to a judgment at least for that sum. The agreement between plaintiff and Prell could, at the most, only effect an assignment of $35.30 of the money in the hands of defendant so due plaintiff. Wolston, being notified by Bouck not to pay Prell for his undivided one half of the straw, could not, after such notice, make such payment to

Prell as plaintiff's agent. He could only pay it to him because he (Prell) was the owner or legally entitled to the money. The Prells could only, under the agreement with plaintiff claimed by them, be entitled to such sum as the plaintiff owed them, viz. $35.30. Without considering the other questions involved, it is clear that plaintiff was entitled to a judgment for at least $46.05, and hence the referee erred in dismissing the complaint, and directing judgment for the defendant. The judgment should be reversed, and a new trial granted, with costs to abide event. All concur.